303 F.2d 323
 Jack G. WILLIAMS, Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, and
Lehigh Valley Railroad Company, Defendants-Appellees.
Melva COX, Administratrix of the Estate of Daniel Robert Cox, Deceased, Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, and
Lehigh Valley Railroad Company, Defendants-Appellees.
Violet RICHARDSON, Administratrix of the Estate of Joseph Ray Walter, Deceased, Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, and
Lehigh Valley Railroad Company, Defendants-Appellees (two cases).
 Nos. 14652-14655.
 United States Court of Appeals Sixth Circuit.
 May 28, 1962.
 
 Schwenker, Teaford, Brothers & Bernard, Columbus, Ohio, Bernard Bernard, Columbus, Ohio, of counsel, for appellants.
 Alexander, Ebinger, Wenger & Holschuh, Columbus, Ohio, John D. Holschuh, Columbus, Ohio, of counsel, for appellee.
 Before CECIL and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.
 PER CURIAM.
 
 
 1
 The defendant-appellee, Baltimore & Ohio Railroad Company, delivered a railroad hopper car, owned by the defendant-appellee, Lehigh Valley Railroad Company, to the Detroit Steel Corporation's plant at Portsmouth, Ohio on July 20, 1957. The New York Central Railroad Company, the initiating carrier, had loaded the car with limestone and transferred it to the Baltimore & Ohio for delivery to the consignee, Detroit Steel Corporation, aforesaid. The limestone was unloaded on July 21, 1957 at Detroit Steel by its employees but the car was retained by the steel company for use within its plant area to haul slag from the "skull cracker," where the slag had been crushed and screened, to the blast furnaces. The accident from which the four suits herein arose, occurred as the aforesaid car was thus employed on July 23, 1957. Jack G. Williams, Joseph Ray Walter and Daniel Robert Cox, employees of the Detroit Steel Corporation, were unloading the car when it tipped over on its side injuring Williams and Walter, who subsequently died from his injuries, and killing Cox instantly. Two of the suits herein were filed by the Administratrix of the estate of Joseph Ray Walter; one for the injuries sustained by him prior to his death and the other for his wrongful death. The four suits are consolidated by stipulation of the parties for the purpose of this appeal.
 
 
 2
 The plaintiff's actions were based on the alleged negligence of the defendants in failing to properly inspect the car herein before delivering it to Detroit Steel and in supplying a defective car.
 
 
 3
 Motions for summary judgments were filed by the defendants under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. These motions were supported by interrogatories, depositions and affidavits. The facts disclosed by such interrogatories, depositions and affidavits, if not controverted, negatived any causes of action in the plaintiffs. Such facts were not controverted. The plaintiffs offered no counter affidavits or other evidence to support the allegations of their complaints, as they were satisfied to stand upon the broad allegations therein. The district court, upon the pleadings of the plaintiffs, and such interrogatories, depositions and affidavits aforesaid concluded that "no genuine issue of a material fact" was present, and therefore, the defendants were entitled to have their motions for summary judgment sustained. It is from this ruling that the plaintiffs appeal.
 
 
 4
 Nothing novel is presented in this appeal as the court has dealt on previous occasions with this identical problem in which we have sustained the action of the district courts. This court has held that where a motion for summary judgment is supported by an affidavit, which is uncontroverted, the trial court is warranted in sustaining the motion. Schaffer v. United States, 232 F.2d 632, C.A. 6th, 1956 (cases cited therein). In Appolonio v. Baxter, 217 F.2d 267, C.A. 6th, 1954, we said:
 
 
 5
 "* * * mere formal denials or general allegations which do not show the facts in detail or with precision, are insufficient to prevent the award of summary judgment * * *."
 
 
 6
 The Fifth Circuit Court of Appeals in dealing with the problem in Bruce Construction Corporation v. United States for Use of Westinghouse Elec. Supply Co., 242 F.2d 873, 1957, said:
 
 
 7
 "* * * when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."
 
 
 8
 This statement was quoted with approval in the later case of Berry v. Atlantic Coast Line Railroad Company, 273 F.2d 572, C.A. 4th, 1960, cert. denied 362 U. S. 976, 80 S.Ct. 1060, 4 L.Ed.2d 1011.
 
 
 9
 We hold that where a moving party supports his motion for summary judgment by affidavit or other appropriate means, which are uncontroverted, a trial court is fully justified, within the purview of Rule 56 of the Federal Rules of Civil Procedure in granting relief thereon. This case presents an excellent illustration of a proper application of the rule.
 
 
 10
 There being no reversible error the judgment of the district court is affirmed.