**Martin A. AVERY, etc., Plaintiff,**

v.

**NORFOLK & WESTERN RAILWAY CO. et al., Defendants.**

**Civ. No. C. 70–16.**

United States District Court,
N. D. Ohio, W. D.

Jan. 20, 1971.

Martin Hanna, Hanna, Middleton, Roebke, Bowling Green, Ohio, for plaintiff.

John Curphey, Robison, Curphey & O'Connell, Thomas D. Smith, C. David Cox, Jr., Toledo, Ohio, for defendants.

## OPINION

DON J. YOUNG, District Judge.

This cause came to be heard on motion of defendants Norfolk & Western Railway Company `and Penn Central Transportation Company for summary judgment pursuant to Fed.R.Civ.P. 56. One of the defendants, hereinafter referred to as Norfolk, has attached various affidavits in support of its motion, as well as having attached the deposition of the plaintiff. Plaintiff has objected

to the defendants' motion and filed a memorandum in opposition thereto, but has not filed any affidavits in support of its objection.

The sole question before this Court is whether there is a genuine issue as to any material fact, when considered in a light most favorable to the party being moved against. This question is controlled by Fed.R.Civ.P. 56(e), which provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The only plausible controverted fact is whether the outside door of the railroad car contained any observable defect. The affidavits attached to the defendants' motion for summary judgment—those of John R. Litten, Joseph J. Podbielniak, Wilbur Ball, Donald F. Bullis and Jose Zapata—indicate that the outside door was free from any observable or discoverable defect. The deposition of the plaintiff indicates that if the door was defective, the defects were hidden from view, and accordingly were latent. Plaintiff does not offer any deposition, answers to interrogatories, admission on file, or affidavits to controvert the fact that there were no discoverable defects in the outer door. The only inference of any defect is contained in the complaint, where reference is made to the outer door being old, rusty and corroded. In light of the plain meaning of Rule 56(e), it is clear that a fact, which is merely controverted in the complaint, is not sufficiently controverted, so as to give rise to a genuine issue, and thus cause the opposing party's motion for summary judgment, which is sup-

ported by affidavits, to be denied. Notes of Advisory Committee on Rules 56(e); Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013 (5th Cir. 1967); Wagoner v. Mountain Savings & Loan Ass'n, 311 F.2d 403 (10th Cir. 1962); Williams v. Baltimore & Ohio R. R. Co., 303 F.2d 323 (6th Cir. 1962); Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478 (8th Cir. 1960); Bros. Inc. v. W. E. Grace Mfg. Co., 261 F.2d 428 (5th Cir. 1958); Orvis v. Brickman, 90 U.S.App. D.C. 266, 196 F.2d 762 (1952); Suckow Borax Mines Consol. v. Borax Consol., 185 F.2d 196 (9th Cir. 1950), cert. denied, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951). This is the sound rule which is subscribed to by all courts except the Third Circuit and a few random decisions. 6 J. Moore, Federal Practice ¶56.22[2] at 2821 (2d ed. 1966). As a result of the position taken by the Third Circuit, in 1963, Rule 56(e) was amended primarily to overcome that line of cases, which impaired the utility of the summary judgment device. Notes of Advisory Committee on Rules 56(e); 6 J. Moore, Federal Practice ¶56.22[2] at 2821 (2d ed. 1966). The typical case cited by the Advisory Committee for which the change was made is the following:

> A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any *evidentiary* matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. In this situation Third Circuit cases have taken the view that summary judgment must be denied, at least if the averments are 'well-pleaded,' and not suppositions, conclusory, or ultimate. (Emphasis added.)

The Advisory Committee further notes that the paramount purpose of the summary judgment procedure is to pierce the pleadings and to assess the proof so as to ascertain whether there is a genuine issue for trial. The procedure adhered to by the Third Circuit, which permits the pleadings themselves to defeat the movant's motion for summary judgment, otherwise justified, is incompatible with the basic purpose of the rule. The purpose of the amendment is to contribute to the more effective utilization of summary judgment. Thus, the party being moved against cannot stubbornly rely upon allegations and denials in the pleadings, when faced with affidavits or other materials showing the absence of triable issues of material fact.

The problem faced by this Court is more complex, because the original complaint, which alleged that the outer door was old, rusty and corroded, was verified by the complainant. The Sixth Circuit in Khan v. Garanzini, 411 F.2d 210 (6th Cir. 1969), stated that where a complaint is verified, the party being moved against may utilize the affidavit contained in the verified pleading to traverse affidavits opposing it. To the extent that the affidavit meets the standard as set forth in Rule 56(e), it may be utilized to controvert facts set forth in the affidavits attached to the motion for summary judgment, because such would be an equivalent to a supporting or opposing affidavit. However, verified pleadings seldom meet the standards of a 56(e) affidavit. 6 J. Moore, Federal Practice ¶56.22[1] at 2805 (2d ed. 1966). Rule 56(e) provides that both supporting and opposing affidavits be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that affiant is competent to testify. 6 J. Moore, Federal Practice ¶56.11[3] at 2176. Fletcher v. Norfolk Newspapers, Inc., 239 F.2d 169 (4th Cir. 1956). Rule 56(e) deals with evidentiary affidavits.

6 J. Moore, Federal Practice ¶56.22[1] at 2803. The affidavit signed by the complainant states " * * * that he has read the foregoing petition and that the facts and allegations therein contained are true as he verily believes." The complainant's belief that the facts alleged are true, does not meet the standard of knowledge. In Jameson v. Jameson, 85 U.S.App.D.C. 176, 176 F.2d 58 (1949), the court stated, "[b]elief, no matter how sincere, it is not equivalent to knowledge." The complainant here has failed to demonstrate that the alleged fact that the outer door was old, rusty and corroded was based on his personal knowledge. This is especially true in light of the complaint's deposition, in which he indicated that he did not observe what caused the door to come loose, nor could he see any defect in the door by observing it on the outside.

It is the conclusion of this Court that the affidavit contained in the verified complaint does not meet the standard of Rule 56(e), and accordingly, does not constitute a controverted fact in regard to the outer door being old, rusty and corroded. However, assuming *arguendo* the fact was in dispute, it does not give rise to a genuine issue as to whether the outer door was patently defective, especially when considered in light of the complainant's deposition. Although the pleadings are to be construed liberally in favor of the party being moved against on a motion for judgment on the pleadings, when such a motion is turned into a motion for summary judgment, the party opposing the motion for summary judgment must usually disclose the merits of his case, and the failure to do so, ends the entitlement to having pleadings liberally construed in his favor. International Longshoremen's and Warehousemen's Union v. Kuntz, 334 F.2d 165 (9th Cir. 1964); Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). 6 J.

**360**

Moore, Federal Practice ¶56.22[2] at 2822. The opposing party is not entitled to hold back his evidence until trial on the possibility that an issue of material fact might turn up at the trial. Furthermore, the complainant subsequently amended his complaint, and the amended complaint was not verified. The amended complaint was complete in itself and made no reference to, nor adopted any portion of the prior pleading, and accordingly, superseded the latter. Washer v. Bullitt County, 110 U.S. 558, 4 S.Ct. 249, 28 L.Ed. 249 (1884); Fuhrer v. Fuhrer, 292 F.2d 140 (7th Cir. 1961); 3 J. Moore, Federal Practice ¶15.08[7] at 939. Thus, the pleadings before this Court do not contain a verified complaint.

■ It is the conclusion of this Court that the outer door of the railroad car did not contain any observable defects, which an inspection thereof would have detected. This car was loaded and sealed when handled by the defendants Norfolk and Penn Central. A carrier who receives such a car is required to give it a reasonable external inspection, which does not include breaking the seal and inspecting the contents thereof to determine whether someone else properly loaded it. Smith v. Louisville & Nashville R. R. Co., 267 F.Supp. 716 (S.D. Ohio 1966), whose facts are almost identical with those of the instant case; Blytheville Cotton Oil Co. v. Kurn, 155 F.2d 467 (6th Cir. 1946); Erie R. R. Co. v. Murphy, 108 F.2d 817 (6th Cir. 1940). The inspection need only to be made to discover patent defects. Such inspection was made by the defendants Norfolk and Penn Central, and accordingly adhered to the duty owed the plaintiff. Copeland v. Chicago B & Q R. R. Co., 293 F. 12 (8th Cir. 1923). Therefore, the motion for summary judgment of the defendants Norfolk and Penn Central will be granted.

■ Turning now to the defendant Pittsburgh & Lake Erie Railroad Company's motion for summary judgment,

the Court notes that as the owner of the car in question, it had no duty to inspect the car for latent defects therein, and accordingly, could not be liable to plaintiff for injuries sustained when the railway car door fell upon him, due to a latent defect. Smith v. Louisville & Nashville R. R. Co., *supra.* Accordingly, the motion for summary judgment of Pittsburgh & Lake Erie Railroad will be granted.

The motion for summary judgment will be sustained, and the complaint dismissed. An order will be entered in accordance with this opinion.