**In re Joseph F. McEVOY, Alleged Debtor.**

**Bankruptcy No. 83–01490–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

March 9, 1984.

H. Jason Gold, Alexandria, Va., for W.H. Smith Publishers, Inc.

Thomas P. Dugan, Fairfax, Va., for alleged debtor.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The issue here arises upon motion of a petitioning creditor for Summary Entry of an Order for Relief. On December 28, 1983, W.H. Smith Publishers, Inc. ("W.H. Smith") filed an involuntary petition under Chapter 7 of the Bankruptcy Reform Act of 1978 ("the Code") against Joseph F. McEvoy, the alleged debtor.

Upon application of W.H. Smith, the Court allowed service of the involuntary petition by publication and by mail to the alleged debtor's last known address pursuant to Rule 1010 of the Rules of Bankruptcy Procedure. The alleged debtor timely filed an answer to the involuntary petition on January 31, 1984. Subsequently, the petitioning creditor filed a motion for summary judgment with supporting affidavit seeking the entry of an Order for Relief. The al-

leged debtor and his counsel did not appear at the hearing on the creditor's motion for entry of the above order nor were any counter affidavits filed on behalf of the debtor.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to the Code by Rule 7056 of the Rules of Bankruptcy Procedure, requires that summary judgment be entered only when there is no genuine issue as to a material fact and that the movant be entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This Court has recognized the Fourth Circuit Court of Appeals has interpreted strictly the law governing the use of summary judgment. *In re T.I. Swartz Clothiers, Inc.,* 15 B.R. 590, 593 (Bkrtcy.E.D.Va.1981) and cases cited therein.

■ The movant has the burden of showing that no genuine issue as to a material fact exists. *Adickes v. S.H. Kress and Company,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A court generally must view the record in a light more favorable to the party opposing the motion for summary judgment. *Id.*

Under 11 U.S.C. § 303, a single creditor may file an involuntary petition if there are fewer than twelve holders of non-contingent claims and if that petitioning creditor holds a non-contingent claim of at least $5,000.00. 11 U.S.C. § 303(b)(2). A court may enter an order for relief if at least one of two requirements is met. 11 U.S.C. §§ 303(h)(1), (2). The proposed ground for entry of an order for relief *sub judice* is that the alleged debtor generally is not paying his debts as they become due. 11 U.S.C. § 303(h)(1).

■ The petitioning creditor has the burden of establishing that the debtor is generally not paying its debts as they become due. *In re SBA Factors of Miami, Inc.,* 13 B.R. 99, 100 (Bkrtcy.S.D.Fla.1981). This burden is somewhat tempered, however, by the emphasis the Code places on a speedy resolution of the involuntary bankruptcy question. *Matter of Covey,* 650 F.2d 877, 883–84 (7th Cir.1981). Neither the Code

nor the legislative history of the relevant statute, 11 U.S.C. § 303(h)(1), define "generally paying debts." The Report of the Bankruptcy Commission sets forth certain guidelines but states that determination of the issue must be made by the courts on a case-by-case basis. Report of the Commission on Bankruptcy Laws of the United States, 1973, Pt. II, at 75 n. 5.

In the involuntary petition, plaintiff alleges that there are fewer than twelve creditors holding noncontingent claims against the alleged debtor. The creditor also alleges that it has a claim in excess of $5,000.00. Additionally, the creditor states that the alleged debtor generally is not paying his debts as they become due.

In his answer, the alleged debtor admits that there are fewer than twelve creditors holding noncontingent claims and states that the petitioning creditor holds a disputed claim in excess of $5,000.00. Also, the alleged debtor denies that he generally is not paying his debts as they become due. Attached to plaintiff's motion for summary entry of an Order for Relief is an affidavit by plaintiff's counsel attesting to the failure of the alleged debtor to make payments on a promissory note held by the creditor. *See* Fed.R.Civ.P. 56(e).

■ Upon the filing of an affidavit in support of a motion for summary judgment, an opposing party should either file a counter affidavit, or other response, setting forth specific facts evidencing that a triable issue exists or, in the alternative, file a Rule 56(f) affidavit. Fed.R.Civ.P. 56(e), (f). A Rule 56(f) affidavit is one which sets forth the reasons why an opposing party is presently unable to file an affidavit enunciating the facts justifying his opposition. Fed.R.Civ.P. 56(f).

■ The alleged debtor has failed to respond to the creditor's motion and accompanying affidavit. A party who rests on his pleadings in this situation does so at his own risk. 6 Pt. 2 *Moore's Federal Practice* ¶ 56.22[2], at 56–1341 to 56–1344 (2d ed. 1982); *see Moreno v. University of Maryland,* 420 F.Supp. 541, 561 (D.Md.1976),

**200**

aff'd sub nom., Moreno v. Elkins, 556 F.2d 573 (4th Cir.1977) (mem.), vacated on other grounds, Toll v. Moreno, 441 U.S. 458, 461–62, 99 S.Ct. 2044, 2045–46, 60 L.Ed.2d 354 (1979) (per curiam). If a party fails to respond as indicated in Rule 56(e) of the Federal Rules of Civil Procedure, summary judgment may be entered against him if otherwise appropriate. Fed.R.Civ.P. 56(e).

Under the facts as indicated by the record, this Court finds that summary entry of an Order for Relief is proper. It is clear that a creditor whose claim is disputed by the alleged debtor may still file an involuntary petition. 2 Collier on Bankruptcy ¶ 303.08[11], at 303–30 (15th ed. 1983). Additionally, the alleged debtor's answer inferentially admits that W.H. Smith is a proper creditor to file an involuntary petition in that the number of creditors and the amount of W.H. Smith's claim as admitted satisfy the Code requirements. 11 U.S.C. § 303(b)(2). Finally, the affidavit filed by petitioning creditor's counsel satisfies the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. 6 Pt. 2 Moore's Federal Practice ¶ 56.22[1], at 56–1318 to 56–1321 (2d ed. 1982). The affidavit filed by counsel indicates that the information contained therein represents the affiant's personal knowledge. Furthermore, the affidavit asserts that the alleged debtor has failed to make the agreed weekly payments on the promissory note for several months.

The mere filing of an "unopposed" affidavit in support of a motion for summary judgment is not, of itself, sufficient to warrant entry of summary judgment. See Fed.R.Civ.P. 56(e). The party requesting summary judgment must still meet the burden contained in Rule 56(c) of the Federal Rules of Civil Procedure. The opposing party's failure, however, to disclose the merits of his case through an affidavit, or otherwise, ends the opposing party's entitlement to have the pleadings liberally construed in his favor. Avery v. Norfolk & Western Railway Co., 52 F.R.D. 356, 359–60 (N.D.Ohio, W.D.1971); 6 Pt. 2 Moore's Federal Practice ¶ 56.22[2], at 56–1336 to 56–1337 (2d ed. 1982). This Court is satisfied

that the creditor has met its burden under both the Code and the Federal Rules of Civil Procedure.

For the reasons set forth above, it is the finding of this Court that there is no issue of triable fact and that the petitioning creditor be granted summary judgment for the entry of an Order for Relief.

An appropriate order will enter.