### In re MANCHESTER LAKES ASSOCIATES, A Virginia Limited Partnership, Alleged Debtor.

### Bankruptcy No. 84–01551–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

March 22, 1985.

William E. Cox, McChesney, Pyne & Duncan, P.C., Fairfax, Va., for petitioning creditors.

Ronald L. Walutes, Annandale, Va., for Manchester Developers, Inc.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter arises out of the motion by petitioning creditors for summary judgment and an entry of an order for relief against the alleged debtor, Manchester

Lakes Associates ("Manchester Lakes"). Barrett Penan & Company, P.A., Geo Systems of Virginia, Inc. and Perceptions, Inc., petitioning creditors herein, filed an involuntary Chapter 11 petition against Manchester Lakes under section 303(b) of Title 11 of the United States Code ("the Bankruptcy Code") on December 7, 1984.

An answer was filed to the involuntary petition on December 31, 1984 by Manchester Developers, Inc. ("Manchester Developers"), a general partner of the alleged debtor. The answer admits that Manchester Lakes has had its principal place of business for the 180 days preceding the filing within the District in which this Court is located and further admits that Manchester Lakes is a "person" against whom an order for relief may be entered. The answer indicates, however, that Manchester Developers is not informed as to whether any debts are owing by the alleged debtor to the petitioning creditors.

Furthermore, Manchester Developers' answer raises two defenses to the entry of an order for relief. Initially, Manchester Developers alleges that another entity, Dominion Federal Savings and Loan Association, has been so involved in the management and direction of Manchester Lakes as to constitute a general partner of the alleged debtor. Moreover, Manchester Developers alleges in the answer that Dominion Federal Savings and Loan Association and other corporations under control of that corporation, Dominion Mortgage Center, Inc., Appraisal Service of America, Inc. and Development Corporation of America, as general partners of Manchester Lakes have the ability to pay the debts of the alleged debtor as they become due.

Manchester Developers also alleges in its answer that the involuntary petition has been filed in bad faith in that an employee of Dominion Federal Savings and Loan Association solicited third party creditors who would be willing to file such a petition against Manchester Lakes.

Subsequent to the filing of an answer by Manchester Developers, the petitioning creditors filed a motion for summary judgment and for entry of an order for relief against the alleged debtor on February 12, 1985. Argument was heard on the motion on February 26, 1985 and on March 6, 1985 at which time this Court took the matter under advisement.

During the argument in this matter, counsel for the petitioning creditors pointed out that the alleged debtor had failed to file any affidavits in response to those affidavits filed on behalf of the petitioning creditors in support of the motion for summary judgment. In response, the alleged debtor argued that the supporting affidavits of the petitioning creditors were faulty in that the affiants did not aver that a demand for payment had been made of the alleged debtor for each of the respective debts. At a continuation of the initial hearing on March 6, 1985, counsel for the petitioning creditors argued that an averment that a demand for payment had been made was not required. Counsel did, however, file amendments to the supporting affidavits, each of which indicated that the creditors had made a demand for payment of their respective debts.

■ A summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure shall be granted if there is no genuine issue as to a material fact and if the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56 has been made applicable specifically to proceedings under the Bankruptcy Code. R.Bankr.P. 7056. Furthermore, in those instances in which a motion for summary judgment is supported by affidavits, the party in opposition to entry of summary judgment must file a response setting forth specific facts showing that there is a genuine issue as to a material fact. Fed.R. Civ.P. 56(e). Failing that, the adverse party should file an affidavit stating why an affidavit under Rule 56(e) cannot be filed. Fed.R.Civ.P. 56(f). If a response of the sort indicated above is not forthcoming, summary judgment shall be entered "if appropriate." Fed.R.Civ.P. 56(e); *see In re McEvoy*, 37 B.R. 197, 19–200 (Bankr.E.D. Va.1984). In the case *sub judice*, the al-

leged debtor still has not filed counter-affidavits or any other response as required under Rule 56.

The petitioning creditors base their application for the entry of an order for relief on section 303(h) of the Bankruptcy Code. Section 303(h) requires a court to order relief based on the proper filing of an involuntary petition if the debtor "is generally not paying such debtor's debts as such debts become due" if those debts are undisputed. 11 U.S.C. § 303(h)(1). Neither the Bankruptcy Code nor its legislative history define the term "generally not paying debts." The Report of the Bankruptcy Commission sets forth certain guidelines but states that determination of the issue must be made on a case-by-case basis. Report of the Commission on Bankruptcy Laws of the United States, 1973, Pt. II, 75 n. 5. One court described generally not paying debts as "includ[ing] regularly missing a significant number of payments to creditors or regularly missing payments which are significant in amount in relation to the size of the debtor's operation." *In re All Media Properties, Inc.*, 5 B.R. 126, 143 (Bankr.S.D.Tex.1980), *aff'd* 646 F.2d 193 (5th Cir.1981) (per curiam).

■ The petitioning creditors have the burden of establishing that the debtor is generally not paying its debts as they become due. *In re SBA Factors of Miami, Inc.*, 13 B.R. 99, 100 (Bankr.S.D.Fla.1981). The affidavit in support of the involuntary petition filed on behalf of the petitioning creditor, Barrett Penan & Company, P.A., avers that the alleged debtor owes to the creditor $10,885.00, that part of the debt has been due since May 31, 1984, that all of the debt has been due since July 31, 1984 and that no payments have been made by the alleged debtor since July 31, 1984.

The affidavit in support of the involuntary petition on behalf of the petitioning creditor, Geo Systems of Virginia, Inc., avers that the alleged debtor owes to the creditor $60,669.68, that part of the debt has been due since August 31, 1984, that all of the debt has been due since November 15, 1984 and that the alleged debtor has made no payments since June 11, 1984. Furthermore, the affidavit in support of the involuntary petition filed on behalf of the petitioning creditor, Perceptions, Inc., avers that the alleged debtor owes to the creditor the sum of $1,484.08, that part of the debt has been due since September 18, 1984, that all of the debt has been due since October 20, 1984 and that the alleged debtor has made no payments since October 20, 1984.

■ The Court has no doubt that the petitioning creditors are proper entities to have commenced this involuntary proceeding under section 303. Thus, the Court must turn to the summary judgment motion as to the "generally not paying debts" standard. As indicated above, the alleged debtor has failed to respond to the summary judgment motion in the manner required under Rule 56. A party who rests on his pleadings without filing an affidavit in opposition to such a motion for summary judgment does so at his own risk. 6 Pt. 2 *Moore's Federal Practice* ¶ 56.22[2], 56-1341 to 56-1344 (2d ed.1982); *see Moreno v. University of Maryland*, 420 F.Supp. 541, 561 (D.Md.1976), *aff'd sub nom., Moreno v. Elkins*, 556 F.2d 573 (4th Cir.1977) (mem.), *vacated on other grounds, Toll v. Moreno*, 441 U.S. 458, 461-62, 99 S.Ct. 2044, 2045-46, 60 L.Ed.2d 354 (1979) (per curiam). Moreover, the opposing party's failure to disclose the merits of his case through affidavit, or other method provided for in Rule 56, ends the opposing party's entitlement to have the pleadings liberally construed in its favor as related to the motion for summary judgment. *Avery v. Norfolk & Western Railway Co.*, 52 F.R.D. 356, 359-60 (N.D.Ohio 1971); 6 Pt. 2 *Moore's Federal Practice, supra*, at 56-1336 to 56-1337.

■ There is no doubt but that summary judgment can be granted based on the petitioning creditors' compliance with section 303 of the Bankruptcy Code and based on the alleged debtor's failure to comply with Rule 56 of the Federal Rules of Civil Procedure. 11 U.S.C. § 303(b); Fed.R.Civ.P. 56(e). In addition to the procedural basis

for granting summary judgment, the alleged debtor's defenses raised in its answer and in oral argument do not overcome the petitioning creditors' position in this matter. Whether an alleged debtor has the ability to pay a debt is irrelevant with respect to the grounds for entering an order for relief. 2 *Collier on Bankruptcy* ¶ 303.12[1], 303–46 (15th ed.1984). Clearly the standard is whether the alleged debtor is paying its debts not whether the debtor has the ability to pay. 11 U.S.C. § 303(h)(1). Section 303(h)(1) has been likened to a "no-fault" statute, in that the alleged debtor either is or is not generally paying its debts as they become due. 2 *Collier on Bankruptcy, supra,* at 303–49 to 303–50 and cases cited therein.

In response to questions asked in a deposition conducted on March 4, 1985, of Mr. J.P. Brehony, an officer of Manchester Developers, and an individual with knowledge of the financial affairs of Manchester Lakes, the deponent stated that Manchester Lakes had ceased doing business in 1984, that the alleged debtor's bank accounts had been closed and that Manchester Lakes was not paying its bills. There can be no doubt but that Manchester Lakes is generally not paying its debts as they become due.

Additionally, this Court cannot find that the involuntary petition was filed in bad faith because the petitioning creditors were solicited by a third party. *See In re Midwest Processing Co.,* 41 B.R. 90, 99 (Bankr.D.N.D.1984). There is no evidence that each of the petitioning creditors is not, in fact, a creditor of the alleged debtor holding a noncontingent, bona fide claim against the alleged debtor who, if the creditors wished, could have petitioned to withdraw from this proceeding.

Finally, as to the petitioning creditors' failure to aver in their affidavits that they had made demand on the alleged debtor, the Court notes that the affidavits have been supplemented by further affidavits as allowed under Rule 56(e). The supplemental affidavits do indicate that demand for payment had been made of the alleged debtor. This has not been countered by any affidavits of the debtor. This Court, however, is of the opinion that such supplementation was unnecessary for the better rule of law appears to be that a demand for payment is irrelevant in instances in which there is a showing that debts have reamined unpaid for a period of time in excess of thirty days. *See e.g. In re Tarletz,* 27 B.R. 787, 790 (Bankr.D.Colo.1983); *In re All Media Properties, Inc.,* 5 B.R. at 145.

For the reasons set forth above, the Court is persuaded that there is no issue of triable fact, and thus, the petitioning creditors' motion for summary judgment will be granted and an order for relief entered.

An appropriate Order will enter.