Luis M. **VILLEGAS DAVILA**, et al, Plaintiffs,

v.

Carlos **PASCUAL**, et al, Defendants.

Civ. No. 85–1852(PG).

United States District Court,
D. Puerto Rico.

Feb. 25, 1986.

---

Anthony Borton, San Juan, P.R., for plaintiffs.

Doris D. Hernández Díaz, Atty., Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Co-defendant Compañía de Fomento Recreativo (hereinafter referred to as "Compañía") moves to dismiss [1] this suit brought by the plaintiffs to recover damages allegedly suffered as a result of the alleged failure by Compañía to promulgate and enforce rules and regulations for the safety and welfare of the visitors and patrons of Balneario Seven Seas, a bathing resort under concession from Compañía.

In the memorandum of law that accompanied the motion, Compañía stated that the Eleventh Amendment bars this Court from exercising jurisdiction since Compañía is an alter ego of the Commonwealth of Puerto Rico and has not consented to be sued.

The Eleventh Amendment provides that: The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of antoher state or by citizens or subjects of any foreign state.

U.S. Const.Amend. XI.

However, this provision has been interpreted to provide unconsenting states with immunity from suits in federal courts, not only by citizens of other states but by citizens of its own state as well. *Edelman v. Jordan*, 415 U.S. 651, 663–664, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1973). It has also been established that the Commonwealth of Puerto Rico fully enjoys the protection afforded by the Eleventh Amendment. *Paul N. Howard v. Puerto Rico Acqueduct Sewer*, 744 F.2d 880, 886 (1st Cir.1984); *Ezratty v. Commonwealth of Puerto Rico*, 648 F.2d 770, 776 n. 7 (1st Cir.1981).

■ Whether Compañía enjoys the protection of the Eleventh Amendment depends on whether it is sufficiently an arm of the state. *See, Paul N. Howard v. Puerto Rico Acqueduct Sewer, supra.* A critical factor in making such determination is "whether in the event plaintiff prevails, judgment will have to be paid out of state treasury." *Miller-Davis Co. v. Ill. S. Toll Highway Authority*, 567 F.2d 323, 327 (7th Cir.1977). In *Ford Motor Co. v. Department of the Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350–51, 89 L.Ed. 389, the court said: "When the action is in essence one for the recovery of money from the state, the state is the real substantial party in interest and is entitled to invoke sovereign immunity from suit ...". *Edelman v. Jordan, supra*, 415 U.S. at 663, 94 S.Ct. at 1356.

In this inquiry great weight has been given to the state law creating and defining the governmental entity. *Tuveson v. Fla. Governor's Counc. on Indian Affairs*, 734 F.2d 730, 732 (11th Cir.1984); *Miller-Davis*

---

1. Compañía has mistakenly presented the motion to dismiss as one for lack of jurisdiction over the person under Rule 12(b)(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., where it should have been identified as one for lack of subject matter jurisdiction. But, because of the importance of a Rule 12(b)(1) defense this Court shall consider the motion as if properly raised. *See,* 5 Wright and Miller, *Federal Practice and Procedure,* Civil § 1350 at 546.

*Co. v. Ill. S. Toll Highway Authority, supra.*

The Compañía was created as "a corporation having legal existence and personality separate and apart from those of the government ..." and its "debts, obligations, contracts, bonds, notes debentures, receipts, expenditures, accounts, funds, undertakings and property" are deemed to be those of the corporation "and not those of the Commonwealth Government ...". 15 L.P.R.A. § 504.

Moreover, Compañía was empowered "to determine the character and necessity of all its expenditures and the manner in which they shall be incurred, allowed and paid without regard to the provisions of any laws governing the expenditure of public funds," such determination being final and conclusive upon the Commonwealth Government. 15 L.P.R.A. § 505(d).

It also has power to make contracts, 15 L.P.R.A. § 505(f) to borrow money and issued bonds. 15 L.P.R.A. § 505(i). However, it has no power to pledge the credit or taxing power of the Commonwealth of Puerto Rico, 15 L.P.R.A. § 505(n). *See, E.G., Paul N. Howard v. Puerto Rico Acqueduct Sewer, supra.* The Recreational Development Company of Puerto Rico Act provides specifically that "[t]he bonds and other obligations issued by the Company shall not be a debt of the Commonwealth of Puerto Rico: and that such bonds or obligations be payable only out of Compañía's funds. 15 L.P.R.A. § 512.

Even though "all moneys of the Company shall be deposited in qualified depositories for funds of the Commonwealth Government ... they shall be kept in a separate account or accounts in the name of the Company." 15 L.P.R.A. § 510.

These facts tend to dispute co-defendant's assertion that "from a fiscal standpoint the Company does not enjoy independence from the Commonwealth to any significant degree" and might well lead us to conclude that, financially, Compañía is sufficiently insulated from the Commonwealth government as not to be considered an alter ego of the state. We note that under Title 13 L.P.R.A. § 4083(c) Compañía receives at least yearly appropriations from the state treasury. But, nothing in said section provides us with any indication as to the effect that a judgment against Compañía would have on the general funds of the Commonwealth of Puerto Rico. However, Compañía has submitted an affidavit subscribed by the Secretary of the Department of Sports and Recreation and General Manager of said company in which he states that Compañía does not have the funds or power to satisfy the judgment should the plaintiff prevail and that the amount to be paid would come out of the general funds of the Commonwealth of Puerto Rico. Such facts, as presented by Compañía, have not been controverted since the plaintiffs have not responded to the co-defendant's motion.[2]

Nevertheless, we must weigh this evidence together with other factors which include the degree of control which the state exercises over the governmental entity. *See, Fouche v. Jekyll Island State Park Authority,* 713 F.2d 1518, 1520 (11th Cir.1983).

The statute creating the Compañía reveals that although Compañía is managed by a board of directors composed of five members, it is subject to the administrative control of the Public Recreation and Parks Administrator, who is an ex-officio member and chairman of the board of directors. Moreover, the Governor appoints the remaining four members. 15 L.P.R.A. § 504. The Public Recreation and Parks Administrator also holds the office of the General Manager of Compañía for which he receives no additional compensation. 15 L.P. R.A. § 507.

---

**2.** Since a motion to dismiss where affidavits are submitted may be treated as a motion for summary judgment, *Grand Union Co. v. Cord Meyer Development Corp.,* 735 F.2d 714, 716 (2nd Cir. 1984), this Court is warranted in acting upon the unopposed affidavit submitted by co-defendant under Rule 56 of the Federal Rules of Civil Procedure. *See, Williams v. Baltimore Ohio Railroad Company,* 303 F.2d 323, 324 (6th Cir. 1962).

Rules and regulations concerning the tenure and conditions of employment were to be prepared in consultation with the Office of Personnel of the Government, and the officers and personnel of Compañía may avail themselves of the Commonwealth Government Employees Retirement System. 15 L.P.R.A. § 508.

Finally, Compañía must submit to the Legislature of Puerto Rico an annual report on its financial status and operation. 15 L.P.R.A. § 518.

Another factor to be considered is the public character of the functions exercised by Compañía. *See, Tuveson v. Fla. Governor's Counc. on Indian Affairs*, 734 F.2d 730, 732 (11th Cir.1984); *Fouche v. Jekyll Island-State Park Authority, supra,* 713 F.2d at 1521. The Legislature of Puerto Rico created Compañía to serve a public purpose, that is, "the development of physical facilities in order to provide the inhabitants of Puerto Rico with means for recreation and expansion." 15 L.P.R.A. § 503. Its public character is confirmed by the fact that Compañía is exempted from paying any state or municipal tax on its property or operation of any of its activities. 15 L.P.R.A. § 514. *See, e.g., Fouche v. Jekyll Island State Park Authority, supra.*

We find that the degree of control exercised by the state over Compañía and the governmental function which it exercises warrant the conclusion that Compañía is an arm of the state.

Regarding the fact that Compañía was granted power to sue and be sued, 15 L.P.R.A. § 505, we find that such statutory language does not constitute a waiver of the immunity granted by the Eleventh Amendment. It is well established that even when a state consents to be sued in its own courts, it does not necessarily follow that the state has consented to be sued in the federal courts. *Soni v. Board of Trustees of University of Tennessee*, 513 F.2d 347, 352 (6th Cir.1975). Moreover, the language found in the Recreational Development Company of Puerto Rico Act is not the type of explicit waiver of Eleventh Amendment immunity which is required by the Supreme Court. *Edelman v. Jordan, supra,* 415 U.S. at 673, 94 S.Ct. at 1360–61. In deciding whether a state has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other resonable construction." *Murray v. Wilson Distilling Co.,* (citations omitted).

Accordingly, the Court concludes that it is without jurisdiction over co-defendant Compañía de Fomento Recreativo.

WHEREFORE, in view of the above, the motion to dismiss is hereby GRANTED. The action against the other co-defendants in this suit shall continue.

IT IS SO ORDERED.