Vera KRIJN, Plaintiff–Appellant,

v.

POGUE SIMONE REAL ESTATE CO.,
Ray Simone & Peter K. Browne,
Defendants–Appellees.

No. 718, Docket 89–7854.

United States Court of Appeals,
Second Circuit.

Argued Jan. 16, 1990.

Decided Feb. 16, 1990.

Michael H. Sussman, Yonkers, N.Y., for plaintiff-appellant.

Floyd S. Weil, New York City, for defendants-appellees.

Before LUMBARD, FEINBERG and MAHONEY, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiff Vera Krijn appeals from a judgment of the United States District Court for the Southern District of New York, Kevin T. Duffy, J., for defendants-appellees in appellant's suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that appellees terminated her employment because of her national origin and her gender. Although appellees moved to dismiss the complaint under Fed.R.Civ.P. 12(c), the district court on its own initiative converted the motion into one for summary judgment under Fed. R.Civ.P. 56, and, on that basis, granted judgment for appellees.[1] Because we believe that appellant was justifiably taken by surprise by this procedure, we reverse and remand.

## Background

According to the allegations of appellant Krijn's complaint, which we accept as true at this stage, appellant is of Dutch nationality and a permanent resident of the United States. She began working for appellee Pogue Simone Real Estate Co. (Pogue Simone) as a real estate salesperson in April 1986. Some two years later, appellee Peter K. Browne, who was her supervisor, fired her without warning or explanation.

Appellant then filed a charge of discrimination against Pogue Simone with the Equal Employment Opportunity Commission (EEOC), alleging Pogue Simone had fired her because of her sex and national origin. The EEOC issued a "right to sue" letter in December 1988.

In February 1989, appellant brought this suit in district court against appellees Pogue Simone, Ray Simone and Browne. (Ray Simone is President of Pogue Simone). Appellant alleged that she was fired despite her satisfactory performance, and that comments were made to her "suggesting her termination was based on her national origin and her unwillingness to involve herself in sexual innuendo." In particular, appellant charged that Browne "made comments indicating that he had negative, stereotypic associations regarding Dutch women," and that "one reason Browne terminated [her] was because of her unwillingness to become engaged in a personal relationship." Appellant characterizes her claim of sexual harassment as a quid pro quo case, citing *Carrero v. New York City Housing Authority*, 890 F.2d 569, 579 (2d Cir.1989).

At a pre-trial conference, appellees apparently indicated that they intended to move to dismiss the complaint on various jurisdictional grounds, and, on that basis, the judge barred discovery pending disposition of the motion. Appellees answered the complaint, and then moved to dismiss under Fed.R.Civ.P. 12(c). In their papers in support of the motion, appellees argued that (1) appellant was an independent contractor rather than an employee of Pogue Simone, and also that (2) Pogue Simone had less than 15 employees so that Title VII did not apply; and that (3) appellant's failure to name appellees Simone and Browne in her EEOC complaint deprived the court of subject matter jurisdiction over these two individuals in a civil action. We will refer to all of these arguments collectively as jurisdictional. Appellees also claimed that the complaint did not sufficiently state a cause of action because it did "not allege any facts that if proven would support a claim of discrimination." Although the affidavit of appellee Browne did not deny appellant's claim that Browne held stereotypic views of Dutch women or had made suggestive comments, appellees nevertheless briefly went to the merits of appel-

---

1. Appellees characterized their motion as one under Rule 12(c), as did the district court. By contrast, appellant has referred to this motion as pursuant to Rule 12(b)(6). We do not regard this difference as significant for the purposes of this appeal, and we have used appellees' terminology. See *Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49, 53 (2d Cir.1985).

lant's case, asserting that she was fired because she was not a satisfactory salesperson.

Appellant's response to appellees' motion was devoted primarily to rebutting appellees' jurisdictional arguments. However, in her affidavit in opposition, appellant also set forth facts about her work performance and that of others in the employ of Pogue Simone, contending that any suggestion "that I was fired for poor performance is fatuous."

No further papers were submitted, and the court did not hear oral argument. Thereafter, on its own initiative, the court "deemed" appellees' motion to dismiss to be a motion for summary judgment. However, the court did not address the jurisdictional issues raised by appellees' motion. Instead, the district court ruled on the merits of appellant's suit, which had received scanty attention from either side. The court held that appellant had failed to allege specific facts to support her claim of national origin discrimination. It also determined on the claim of gender discrimination that appellant had offered no evidence to prove that she was subject to a "hostile environment" for which she should be granted relief under Title VII, and that she had likewise offered no evidence that sexual harassment caused her to be fired from her job or that acquiescence to sexual advances was expected in order to retain her job. The district court granted summary judgment to appellees and dismissed the complaint.

### Discussion

Appellant contends, among other things, that the district court erred in converting appellees' motion to dismiss under Fed.R. Civ.P. 12 into a summary judgment motion under Fed.R.Civ.P. 56 "with respect to the issue of whether [appellant] had proven her claim that her nationality or her refusal to capitulate to sexual advances caused her termination." She asserts that this procedure deprived her of a reasonable opportunity to submit evidence on this issue, and argues that she did not provide more details about her claim because she was not

on notice that the district court would convert the motion. Appellant argues that her burden on this issue was only to show—as she did—that the complaint was facially sufficient to withstand a motion to dismiss.

When "matters outside the pleadings are presented to and not excluded by the court," Rule 12(c) allows a district court to treat a motion for judgment on the pleadings under the Rule "as one for summary judgment" under Rule 56. Fed.R.Civ.P. 12(c). Rule 12(c) requires, however, that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." See also 2A Moore's Federal Practice ¶ 12.15, at 12–109 to 12–111 (2d ed. 1989). The essential inquiry, when determining if the district court correctly converted a motion to dismiss into a motion for summary judgment, is whether the non-movant " 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.' " *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Laboratories*, 850 F.2d 904, 911 (2d Cir.1988) (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985), cert. denied sub nom. *M.J.M. Exhibitors, Inc. v. Stern*, 475 U.S. 1015, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986)).

Here, matters outside the pleadings—i.e., the affidavits in support of and in opposition to the motion to dismiss—were indeed presented to, and not excluded by, the court. These affidavits, by and large, contained factual material relevant to the jurisdictional issues; e.g., Pogue Simone did not withhold taxes from appellant's salary or pay for any fringe benefits for her. However, the court did not rule on these issues. The question remains whether appellant "should reasonably have recognized" that appellees' contention (on the motion to dismiss) that the complaint failed to state a claim would be converted into a motion for summary judgment on the underlying merits, that is, on the issue of why appellant was fired. The content of appellees' motion did not put appellant on notice. As noted above, the focus of the motion

was the alleged jurisdictional failings of appellant's lawsuit. Relatively little space was devoted to the merits of her claim, and almost all of that was to buttress the contention that the complaint was facially insufficient. Thus, appellee Browne's affidavit did not even deny the allegations of discriminatory behavior attributed to him. Nor did the motion's caption serve to warn appellant that conversion might occur. Unlike *National Ass'n of Pharmaceutical Mfrs.*, 850 F.2d 904, in which we held that a non-movant was on notice when, among other things, a motion was captioned " 'motion to dismiss *or, in the alternative, for summary judgment*,' " *id.* at 911 (emphasis in original), here the motion's caption was simply "motion to dismiss." It is true that the motion was accompanied by a statement pursuant to Local Rule 3(g), which is required for a Rule 56 motion. However, almost all of the "facts" set forth in that statement as not in dispute related to appellees' jurisdictional claims.

Admittedly, appellant's reply also went briefly to the underlying merits. For example, it contained a comparison of sales by 19 other employees with those of appellant. However, we are not persuaded that appellant was on notice. Appellees' motion—and appellant's response thereto—concentrated mostly on the jurisdictional issues. In addition, even though appellees' papers also attacked the sufficiency of the complaint with regard to the claim of discrimination, the complaint *was* sufficient in this respect, even if not overwhelmingly so.

Under the circumstances, it seems clear to us that at worst (from appellant's point of view) she could reasonably be held aware of the conversion to summary judgment on the jurisdictional issues, which the judge did not decide, but not on the issue of whether she had produced enough evidence to establish a prima facie case, which was the ground on which summary judgment was granted. The judge even noted that because of appellant's failure to produce evidence she "thus has failed to establish a *prima facie* case of sex discrimination. Indeed, defendants have asserted plausibly legitimate causes for [appellant's] termination." It is quite clear that the court converted a motion addressed to the face of appellant's complaint into a test of her ultimate ability to substantiate the sufficient allegations it contained. We are persuaded that appellant was " 'taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings,' " with regard to the evidence supporting her claims of discrimination. *National Ass'n of Pharmaceutical Mfrs.*, 850 F.2d at 911.

Appellees cite *Grand Union Co. v. Cord Meyer Development Corp.*, 735 F.2d 714 (2d Cir.1984), pointing out that the panel in *Grand Union* upheld conversion of a motion where, as here, the parties had submitted affidavits in support of motions to dismiss and there was "no indication that the district court excluded from consideration the matters outside the pleadings presented by way of the affidavits." Id. at 716–17. Nevertheless, *Grand Union* did not discuss the notice requirement for conversion, which we find dispositive here. See, e.g., id. at 716–17. Moreover, the panel made clear that it would have reached the same result even if the district court had not considered the affidavits and had treated the motion before it as one under Rule 12(b)(6). Id. at 717 & n. 1. Furthermore, resolution of the question whether conversion was proper "depends largely on the facts and circumstances of each case." *National Ass'n of Pharmaceutical Mfrs.*, 850 F.2d at 911. On the precise facts before us, as already indicated, we are persuaded that appellant was "taken by surprise" when the district court converted appellees' motion into one for summary judgment.

Thus, we reverse the judgment of the district court, and we remand so that the district court may entertain a full-blown motion for summary judgment by appellees. In view of this disposition, we do not need to reach the other arguments raised by the parties, most of which were not ruled upon by the district court. We express no view as to whether or not appellees are entitled to summary judgment on any of the grounds they press before us; we remand simply so that appellant may have a full opportunity to show that they

are not. Appellant may renew her request for discovery in the district court.

The judgment of the district court is reversed and remanded.