**Vera KRIJN**

v.

**POGUE SIMONE REAL ESTATE CO., Ray Simone & Peter K. Browne.**

**No. 89 Civ. 0829 (KTD).**

United States District Court, S.D. New York.

Oct. 9, 1990.

Sussman & Sussman, Goshen, N.Y., for plaintiff.

Floyd S. Weil, New York City, for defendants-appellees.

ENDORSEMENT

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, Vera Krijn brings this action against defendants Pogue Simone Real Estate Co., Ray Simone and Peter K. Browne ("Pogue Simone") claiming that she was terminated from her position as a real es-

tate agent because of her sex and national origin in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* (1982). Pogue Simone moved to dismiss the action against each defendant under Fed.R.Civ.P. 12(c) for lack of subject matter jurisdiction and for failure to sufficiently state a claim. By Memorandum and Order dated August 4, 1989, I *sua sponte* treated Pogue Simone's motion to dismiss as one for summary judgment. I found that Krijn failed to sufficiently state or support a claim of discrimination on the grounds of either sexual harassment or national origin. On February 16, 1990, the Second Circuit reversed, 896 F.2d 687, stating that by converting the motion to dismiss to one for summary judgment, without notice to Krijn, was unduly prejudicial because it precluded her from adequately defending her position in opposition to summary judgment. The case was remanded so that the parties may move and/or prepare for summary judgment. On April 6, 1990, during a status conference on this matter, I denied any further discovery pending Pogue Simone's motion for summary judgment. Pogue Simone moved for summary judgment on April 13, 1990. On May 1, 1990, Krijn moved for my recusal which I denied on September 26, 1990. No stay of proceedings was entered; Krijn submitted an additional affidavit in further opposition to Pogue Simone's motion for summary judgment.

Pogue Simone is a real estate company licensed to do business in New York State. It maintains several offices in New York. Complaint ¶ 3. Krijn, a woman of Dutch nationality, became an associate of Pogue Simone as a licensed real estate salesperson on or about April 24, 1986. Defendant's Memorandum in Support of Summary Judgment ("Defendant's Memo."), at 4. Compensation was set solely on commission, Krijn received no specific salary, and

Pogue Simone made no contributions toward social security or unemployment benefits. Pogue Simone neither provided fringe benefits to its salespeople or brokers, nor did it withhold taxes from its salespersons' paychecks. Defendant's 3(g) Statement ("3(g)") ¶¶ 3, 4. Krijn had no scheduled office hours. 3(g) ¶ 4. Weekly sales meetings were conducted where attendance was obligatory, and apparently daily sign-in sheets were kept to record attendance in Pogue Simone's offices. Plaintiff's Affirmation in Reply to Defendant's Motion for Summary Judgment ("Plaintiff's Reply"), at 2. There is no indication from the record that these sign-in sheets were used as a bellwether for productivity.

Browne was, at all relevant times, manager of Pogue Simone's Manhattan South Office and Krijn's immediate supervisor. Complaint ¶ 3.[1] Browne dismissed Krijn from Pogue Simone in 1988 because "she was not a satisfactory sales person." Browne Affid. ¶ 9. Krijn, on the other hand, claims that she was discriminated against when, after she repeatedly declined Browne's sexual advances, she was dismissed from her job as a Pogue Simone salesperson. Specifically, Krijn claims that "Browne made suggestive remarks and insinuations which plaintiff brushed aside. Plaintiff demonstrated disinterest in a personal relationship with Browne who appeared to desire the same ... [and that] one reason Browne terminated plaintiff was because of her unwillingness to become engaged in a personal relationship." Complaint ¶ 12. Additionally, Krijn alleges that "Browne made comments indicating that he had negative, stereotypic associations regarding Dutch women." Complaint ¶ 10.

Under Title VII "[i]t shall be an unlawful employment practice for an *employer* to ... discharge any individual, or otherwise

---

1. Because Krijn worked in Pogue Simone's lower Manhattan office, she was constrained to sell within the boundaries of thirtieth street, or thereabout, and the Brooklyn Bridge. Krijn's Affidavit in Opposition ("Krijn Affid.") ¶ 10. Krijn shared commissions with other of Pogue Simone's offices for sales promoted in properties outside the lower Manhattan border lines. Krijn Aff'd. ¶ 10.

to discriminate against any individual...." 42 U.S.C. § 2000e-2 (1982) (emphasis supplied). Subcontractors are not considered employees under common law and have traditionally been precluded from claiming Title VII relief. *In re Wilson Sullivan Co.*, 289 N.Y. 110, 44 N.E.2d 387 (1942). To distinguish employees from independent contractors:

> The test entails consideration of numerous circumstances relating to the work relationship, with the most important factor being the extent of the employer's right to the work relationship, with the most important factor being the extent of the employer's right to control the means and manner of the employee's performance. A "hybrid" economic realities/right to control standard has been introduced to determine whether one claiming the benefits of the ADEA[2] is an employee or independent contractor.

*Hyland v. New Haven Radiology Associates, P.C.*, 794 F.2d 793 (2d Cir.1986) (citing *Spirides v. Reinhardt*, 613 F.2d 826, 839 (D.C.Cir.1979)); *see also, E.E.O.C. v. Zippo Manufacturing Co.*, 713 F.2d 32, 38 (3d Cir.1983); *Hickey v. Arkla Industries, Inc.*, 699 F.2d 748, 752 (5th Cir.1983).

Pogue Simone contends that because it retains minimal control over its salespeople, including Krijn, they are subcontractors under common law and as such are not entitled to Title VII relief. I agree. Indeed, Pogue Simone neither withholds taxes from nor pays benefits to its salespeople. Salespeople are not expected to keep regular office hours. Even if weekly meetings call for mandatory attendance, as Krijn avers, this assertion is not enough to withstand dismissal, considering the remainder of the record which shows that Pogue Simone maintains little other control over its sales force.

Admittedly, salespeople associated with Pogue Simone are benefited by its real estate resources, guides, listings, and office space in which to conduct independent sales. In return, commissions from sales are paid Pogue Simone. Pogue Simone also expects periodic attendance by its salespeople in its offices. However, these practices do not constitute sufficient control over the "details" and "means" by which the work is to be performed as to equal the control that an employer asserts over its employees. *See In re Wilson Sullivan Co.*, 289 N.Y. 110, 44 N.E.2d 387 (1942) (licensed real estate salesperson is an independent contractor and not an employee under New York law.)

Krijn was paid solely on a commission basis, her time was totally unstructured, and Browne was not shown to exercise any meaningful control over Krijn's hours or over the day-to-day details of her work. Pogue Simone's and Browne's interests lie only in the end product, namely, sales. Nowhere in the record is it shown that Pogue Simone exhibited such control over Krijn as to be deemed her "employer" sufficient to defeat the presumption that Krijn was no more than an independent contractor.[3] Finally, that Krijn claims to have been under

---

**2.** "The Fair Labor Standard Act of 1938, 29 U.S.C. § 203(a), (d), (e)(1) (1982) ("FLSA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a), (b), (f) (1982) ("Title VII"), and the ADEA [Age Discrimination in Employment Act] carry nearly identical provisions defining "employer" and "employee." Since all three statutes have a similar purpose—to stamp out discrimination in various forms—cases construing the definitional provisions of one are persuasive authority when interpreting the others." *Hyland v. New Haven Radiology Assoc., P.C.*, 794 F.2d 793, 796 (2d Cir.1986).

**3.** Common law control sufficient to defeat Pogue Simone's position that Krijn was no more than an independent contractor is not established by the fact that Pogue Simone cited extensive vacations, lack of sales, and Krijn's poor efforts as reasons for dismissals. Pogue Simone did not act as a per se employer because it did not withhold taxes nor did it contribute to benefits plans. Nonetheless, it is reasonable for Pogue Simone to expect that a certain amount of sales be conducted so that it too may earn a commission in return for providing a working environment to its sales force. In the absence of adequate performance in selling, Pogue Simone may terminate the delinquent salesperson for failure to meet minimum requirements of the real estate firm without being deemed a per se employer. One claim does not defeat the second.

Pogue Simone's control because it retained Krijn's license to sell during her tenure with Pogue Simone is of no moment. Krijn was already licensed by the time she sought to be a sales person associated with Pogue Simone; she was responsible for the costs of obtaining and maintaining her license to sell real estate. As such, Krijn is procedurally barred from asserting claims as arising under Title VII.[4]

As a final note, the complaint alleges no wrongdoing on the part of Ray Simone and as such the complaint is dismissed as against him. Moreover, Browne was not named in the Equal Employment Opportunity Commission charge of discrimination. *See Maher v. United States Postal Service Agency,* No. 86–1593, 1987 WL 26805 (S.D. N.Y. Nov. 25, 1987) (LEXIS, Genfed library, Dist. file) (failure to name defendant in Equal Employment Opportunity Commission charge of discrimination warrants dismissal in the district court for lack of subject matter jurisdiction.)

For the foregoing reasons, Pogue Simone's motion for summary judgment is granted and Krijn's complaint is dismissed in its entirety.

SO ORDERED.

---

**4.** Finally, it must be noted that, in light of Krijn's erratic sales record, even if Krijn were able to defend her position sufficient to overcome the procedural bar, a determination of lost commissions would be impossible to ascertain. Krijn wholly fails to allege damages sufficient to withstand summary dismissal of her action. Indeed, she could not effectively claim or recover benefits for she received none in more than a year and one-half preceding her dismissal. Krijn's sales record was atrocious through 1987 until she was dismissed in 1988. Krijn initiated four sales in 1986, but she effected no sales in 1987 or 1988. Krijn maintains that there was a downturn in the real estate market following the stock market crash in October of 1987, which was the reason for her lack of sales. However, this argument ignores the fact that she had nine months prior to the crash to effectuate sales. During that nine-month period, Krijn failed to effect even one real estate sale.