**Philip COLON, Jr., Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellee.[1]**

**Docket No. 01–6246.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2002.

---

1. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, current Postmaster General John E. Potter has been substituted for former Postmaster General William J. Henderson.

W. Martyn Philpot Jr., LLC, New Haven, CT (Laura Lee A. Dorflinger, on the brief), for Plaintiff–Appellant.

Anthony T. Rice, Assistant United States Attorney, District of Connecticut (Jeffrey A. Meyer, Assistant United States Attorney, on the brief), for John A. Danaher III, United States Attorney, District of Connecticut, for Defendant–Appellee.

Present CARDAMONE, MINER and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the District of Connecticut (Chatigny, Robert N., J.), it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff appeals from an order of the District Court for the District of Connecticut, Robert N. Chatigny, J., granting defendant's motion for summary judgment.

Plaintiff filed an administrative complaint with the Connecticut Human Rights and Opportunities Commission ("CHRO") in August 1996, charging the United States Postal Service ("Postal Service") with employment discrimination based on handicap, national origin, race, and retaliation for engaging in prior EEO activity. Plaintiff then separately filed an EEO claim of employment discrimination with the Postal Service on February 25, 1997.

Because the Postal Service made no formal response to the CHRO complaint, a CHRO hearing officer on October 15, 1997

entered a default award against the Postal Service, ordering it to pay $366,654.29. On July 17, 1998, plaintiff filed suit against the Postal Service in New Haven Superior Court, seeking to enforce the CHRO hearing officer's administrative default award. By letter dated July 30, 1998, however, the CHRO notified plaintiff that it would not file an action to enforce the hearing officer's order of damages because it had determined that the CHRO lacked jurisdiction over plaintiff's CHRO complaint.

On August 6, 1998, the Postal Service issued its final agency decision dismissing plaintiff's EEO claim and advising plaintiff of his right to appeal this determination by, *inter alia,* filing "a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final agency decision." Although plaintiff's counsel received the agency's final decision on his EEO claim on August 14, 1998, plaintiff did not file the instant suit in federal District Court until more than one year later, on August 20, 1999. Rather, he persisted in his efforts to enforce the CHROs' default judgment by an action ("the enforcement action") brought in the Connecticut Superior Court against the Postal Service, despite notice that the CHRO lacked jurisdiction to order an award of damages against the Postal Service. It was only upon dismissal of the enforcement action, after it was removed to federal court, that plaintiff commenced the instant suit in federal court, alleging violations of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiff acknowledges that this suit includes the same allegations that he made in his EEO claim.

The District Court granted defendant's motion for summary judgment, finding that plaintiff had not filed his complaint within the required ninety-day period, which commenced when plaintiff's counsel received defendant's final decision denying administrative relief on August 14, 1998. The Court further declined to equitably toll the ninety-day period for the time that plaintiff's enforcement action was pending.

We affirm the District Court's judgment. On appeal, the plaintiff argues that the District Court erred in not equitably tolling the ninety-day time period for filing a case in district court following the Postal Service's denial of his EEO claim. The parties disagree regarding the standard of review applicable to plaintiff's appeal.[2] Because the outcome is the same regardless of the standard, we need not decide which standard applies. We assume, solely for purposes of this appeal, that we review the District Court's determination *de novo.*

Section 717 of Title VII prohibits racial discrimination in personnel decisions concerning federal employees, including employees, like plaintiff, of defendant Postal Service. *See* 42 U.S.C. § 2000e–16(a); *Loeffler v. Frank,* 486 U.S. 549, 559, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). The

---

**2.** Plaintiff argues that the Second Circuit reviews a district court's decision to apply the doctrine of equitable tolling *de novo,* whereas defendant argues that the Circuit reviews such equitable decisions for abuse of discretion. Several recent cases support defendant's argument. *See Alli–Balogun v. United States,* 281 F.3d 362, 367–68 (2d Cir.2002); *Maurizio v. Goldsmith,* 230 F.3d 518, 520 (2d Cir.2000) (per curiam); *Dixon v. Shalala,* 54 F.3d 1019, 1031 (2d Cir.1995); *Kregos v. As-*

*sociated Press,* 3 F.3d 656, 661 (2d Cir.1993), *cert. denied,* 510 U.S. 1112, 114 S.Ct. 1056, 127 L.Ed.2d 376 (1994). Defendant notes that *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 11 (2d Cir.1994), the case cited by plaintiff, relies on Fifth and Ninth Circuit opinions (and does not address Circuit authority to the contrary) when it states that "[w]e review a district court's decision to apply the doctrine of equitable tolling *de novo.*"

Supreme Court has found that Congress intended Section 717 "to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Further, Section 717 requires federal employees to exhaust administrative remedies prior to seeking relief in federal court. *See* 42 U.S.C. § 2000e–16(c). To preserve a claim upon exhaustion, Title VII requires a federal employee to file a claim of employment discrimination in federal court within ninety-days of his employer's denial of administrative relief. *See id.;* 29 C.F.R. § 1614.407.

Section 501 of the Rehabilitation Act of 1973 prohibits federal employment discrimination on the basis of disability. *See* 29 U.S.C. § 791. The remedies, procedures, and rights set forth in Section 717 of Title VII apply to federal employees seeking relief for disability discrimination under the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(1); *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir.1998).

■ The time limits within Title VII are not jurisdictional prerequisites; rather, they are limitations periods subject to equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984). Equitable tolling " 'permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity.' " *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 223 (2d Cir.2002) (quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.2000)). But application of this doctrine is "only appropriate in 'rare and exceptional circumstances,' " *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1606, 152 L.Ed.2d 621 (2002)

(quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)), in which a party is prevented in some extraordinary way from exercising his rights, *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996). An individual seeking to benefit from this doctrine bears the burden of proving that tolling is appropriate. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir.2002).

As a general matter, the person seeking equitable tolling "must have acted with reasonable diligence during the time period she seeks to have tolled," *id.,* and the doctrine generally will not excuse "what is at best a garden variety claim of excusable neglect," *Irwin*, 498 U.S. at 96. We recently stated, albeit in the ERISA context, that "a want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll." *Chapman*, 288 F.3d at 512.

■ Plaintiff cannot satisfy his burden of demonstrating that he was prevented in some extraordinary way from exercising his rights. It is difficult to credit plaintiff's argument that he and his attorney mistakenly believed that the enforcement action was sufficient to protect his federal claims, as the law was clear at the time that Title VII claims by federal employees must be brought in federal court. Moreover, plaintiff had notice on or about July 30, 1998—even before his ninety-day period for filing a complaint in federal court had begun to run on August 14, 1998—that the CHRO default order, which the enforcement action sought to enforce, had been issued by an agency that lacked jurisdiction. Subsequently, plaintiff received clear notice from defendant that he had ninety days to file an action in *federal* district court to preserve the claims raised in his EEO complaint, and yet he failed to do so for more than one year.

We have considered all of plaintiff's arguments and find them to be without merit.[3] The District Court neither abused its discretion nor erred in declining to apply the exceptional doctrine of equitable tolling to the facts of this case.

The judgment of the District Court is **AFFIRMED**.

---

**3.** Plaintiff erroneously relies on *Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 434–35, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). The plaintiff in *Burnett* filed suit in a state court that had subject matter jurisdiction but in which venue did not lie; plaintiff here filed suit in a state court that lacked subject matter jurisdiction over his discrimination claims against the Postal Service and thus was not a court of competent jurisdiction.