Rose COLUMBO, Plaintiff,

v.

**U.S. POSTAL SERVICE and The County of Suffolk, Defendant.**

No. 02 CV 0061(ADS)(ETB).

United States District Court, E.D. New York.

Nov. 22, 2003.

Rose Columbo, Port Jefferson Station, NY, Pro Se Plaintiff.

Roslynn R. Mauskopf, United States Attorney, by Paul Kaufman, Assistant United States Attorney, Eastern District of New York, Central Islip, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion to dismiss, or in the alternative, for summary judgment on behalf of the defendant U.S. Postal Service ("Postal Service" or the "defendant").

## I. BACKGROUND

### A. The Plaintiff's First Complaint

On January 4, 2002, Rose Columbo ("Columbo" or the "plaintiff"), proceeding pro se, commenced this action against the Postal Service and the County of Suffolk. The complaint alleges that she was injured in 1988 when a 240–pound gate fell on top of her during her employment at the Postal Service. As a result, she suffered from severe headaches, dizziness, memory loss, and blurred vision. Columbo claims that the Postal Service did not provide her with medical assistance and that her supervisor threatened to fire her if she reported the incident. She further asserts that during the year following the accident, her supervisors harassed her in an attempt to force her to resign.

In addition, the complaint alleges that in 1989 Columbo was criminally prosecuted for committing "an act of civil disobedience

to make the public aware of the corruption I was experiencing in the Suffolk County Courts." The plaintiff further alleges that, during one of her appearances at the Suffolk County Criminal Court, the United States Postal Inspector made slanderous comments about her in an attempt to influence the judge's decision and cause her to be fired.

Furthermore, the complaint states that in 1990 Columbo was granted a divorce and that she suffered extreme stress. The complaint also states that in a letter, dated October 20, 1997, Columbo explained to the Honorable H. Patrick Leis, III, that "he had profoundly violated my rights by leaving me deeply in debt and locking me out of all marital assets." In a letter dated October 29, 1997, she explained to the Honorable Michael F. Mullen that Judge Mullen had violated her rights because she was no longer able to obtain employment due to her age and criminal record. Columbo further alleges that the Honorable Patricia M. Filiberto violated her rights on October 16, 1999, by sending Columbo to jail after she had been falsely arrested.

Because the complaint does not refer to a specific statute or constitutional right, in a memorandum of decision and order, dated March 29, 2002 ("Order"), the Court construed the complaint as alleging that, (1) Columbo suffered an on-the-job injury while employed by the Postal Service; (2) a Postal Service employee made slanderous statements about her in an attempt to have her fired; and (3) three judges violated her civil rights by not responding to her correspondence regarding her cases and by sending her to jail. In the March 29, 2002 Order, the Court sua sponte dismissed the complaint in its entirety, without prejudice, with leave to file an amended complaint within 30 days of the date of the Order. In addition, the Court denied the plaintiff's motion to amend her complaint to include, as grounds for relief, the American with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and the Equal Protection Clause.

## B. The Plaintiff's Amended Complaint

On April 16, 2002, Columbo filed an amended complaint. The next day, she filed a second amended complaint. On April 25, 2002, she filed an "amended complaint (corrected)." All three amended complaints are substantially similar. Notably, these complaints only identify the Postal Service as the defendant and does not specifically name the County of Suffolk or any other defendant. As such, the Court finds that there is only one defendant in this case, the Postal Service. Accordingly, the complaint is dismissed against the defendant County of Suffolk.

In the amended complaint, Columbo states that her sole ground for relief is the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* The plaintiff reiterates that she was injured during her employment with the Postal Service in September 1988 and that her immediate supervisor threatened to have her fired if she reported the incident. As a result of the incident, she suffered from extreme headaches, dizziness, blurry vision, and memory loss and was placed on light-duty for over a year. Without any elaboration, the plaintiff states that in 1989 the defendant tried to force her to resign from her position at the Postal Service, asserting that it was "discriminating against me because I was disabled as a result of my injuries." In August of 1989, she suffered a nervous breakdown. Without specifying the reasons, the plaintiff states that she was arrested and that a Postal Inspector met with a judge hearing her case and made false and malicious statements about her.

The Postal Service moves to dismiss this action pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") or, in the alternative, pursuant to Rule 56 of the Fed.R.Civ.P. on the ground that the plaintiff failed to exhaust her administrative remedies. In particular, the defendant contends that Columbo failed to contact an Equal Employment Opportunity ("EEO") counselor in a timely manner. To support this assertion, the defendant submits declarations from Geraldine O. Rowe, an attorney with the Postal Service, and Mitchell Sturman, the Postal Service Manager, EEO Compliance and Appeals. In opposing the instant motion, the plaintiff submits a psychiatric evaluation by Michael Schwartz, M.D., among other things.

## II. DISCUSSION

### A. Standard of Review

■ In considering whether to convert a motion to dismiss into one for summary judgment, a court must be satisfied that the parties were not "taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir.) *aff'd*, 930 F.2d 910 (2d Cir.1991). Because both parties have submitted materials outside the pleadings, the Court finds that conversion to summary judgment is appropriate. Thus, the Court shall consider the defendant's motion as one for summary judgment.

A motion for summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550, 91 L.Ed.2d 265 (1986). The moving party bears the burden of establishing the absence of a genu-

ine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

■ When deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Vann v. City of New York*, 72 F.3d 1040, 1048–49 (2d Cir.1995). In the case of a *pro se* plaintiff, the court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)).

### B. Exhaustion of Administrative Remedies

■■ A federal employee may sue the United States or one of its agencies under the Rehabilitation Act of 1973 for discrimination on the basis of disability. *See* 29 U.S.C. § 791. Prior to bringing a discrimination claim under the Rehabilitation Act, the employee must exhaust all available administrative remedies in a timely fashion with the EEOC. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir.2001). Under the EEOC regulations, an aggrieved federal employee must first seek EEO counsel-

ing within forty-five days of the allegedly discriminatory act for acts that occurred after October 1, 1992, 29 C.F.R. § 1614.105(a)(1), or, as in the instant case, within thirty days for acts occurring before that date, *Briones v. Runyon,* 101 F.3d 287, 290 n. 1 (2d Cir.1996). Seeking EEO counseling within the requisite time period is a necessary step to pursue a discrimination claim in federal court. *See Heins v. Potter,* 271 F.Supp.2d 545, (S.D.N.Y.2003) (citing *Costanzo v. U.S. Postal Service,* No. 00 Civ. 5044(NRB), 2003 WL 1701998, at *1-2 (S.D.N.Y. Mar. 31, 2003), 2003 U.S. Dist. LEXIS 4911, at *5).

■ This timeliness requirement is analogous to a statute of limitations and is therefore subject to equitable tolling. *See Colon v. Potter,* 51 Fed.Appx. 43, 46 (2d Cir.2002) (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 94–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). While the doctrine of equitable tolling "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity," such tolling applies in only "rare and exceptional circumstances." *Id.* at 46 (internal quotations and citations omitted).

Here, the Postal Service contends that the plaintiff never engaged in the EEO process and that she therefore did not exhaust her administrative remedies. In particular, the defendant contends that the plaintiff failed to contact an EEO counselor within the time specified. To support this contention, the defendant submits a declaration by Mitchell Sturman, Postal Service Manager, EEO Compliance and Appeals, in which he states that a search of the EEO database, which contains information from 1988 to the present, reveals no records of Columbo of ever even having engaged in EEO activity in connection with her employment with the Postal Service.

In response, the plaintiff states that "I did everything possible to protect myself, including filing formal complaints with EEO and the U.S. Department of Labor." Aside from this naked assertion, the plaintiff does not present any particulars or offer any documents, such as a copy of the EEO complaint, to prove that she sought EEO counseling within the time period. *See* Fed.R.Civ.P. 56 (the party opposing summary judgment must present "specific facts showing that there is a genuine issue for trial"). Indeed, the plaintiff does not refute the fact that she failed to contact an EEO counselor within the time specified to initiate the procedure for exhausting her administrative remedies.

Nevertheless, Columbo asserts that "I have a major mental illness which rendered me incapable of managing funds, making decision[s] or caring for myself." In addition, she claims that she has needed a guardian and psychiatric evaluation since 1989 and that she has been treated for post-traumatic stress since 2002. In liberally construing Columbo's papers, as the Court must where a litigant is appearing *pro se,* the Court reads her papers as asserting that she is entitled to equitable tolling because her alleged mental illness prevented her from complying with the time limits.

■ "[T]he question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case-specific." *Boos v. Runyon,* 201 F.3d 178, 184 (2d Cir.2000). The burden lies with the party seeking tolling to provide that it is appropriate. *Colon,* 51 Fed.Appx. at 46 (citing *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir.2002)). Because "mental illnesses are as varied as physical illnesses ... conclusory and vague claim, without a particularized description ... is manifestly

insufficient to justify any further inquiry into tolling." *Boos*, 201 F.3d at 185.

In this case, the Court finds that tolling is unwarranted. The plaintiff does not set forth a "particularized description" of how her mental illness impeded her ability to pursue her rights or timely seek EEO counseling. Notably, the plaintiff's sole psychiatric evaluation belies any claim that she may have that she is entitled to equitable tolling. Annexed to the plaintiff's papers is an evaluation, dated September 4, 2001, by Michael Schwartz, M.D., in which he opines that he "found no evidence of a psychotic disorder, mood order, anxiety disorder, or substance abuse disorder." Dr. Schwartz concluded that "[a]lthough she has been very angry for a long time, I do not find significant evidence of mental incapacity that would have interfered with her comprehension of a divorce agreement . . . [she] is not so mentally impaired that she should not be held responsible for her actions . . . [or] cannot make decisions on her own behalf." Dr. Schwartz added that the evaluation "extends retrospectively to the divorce she signed in 1989."

Furthermore, as the defendant properly notes, the plaintiff's first complaint alleged that on October 27, 1997, she wrote to the Honorable H. Patrick Leis, III to complain that he violated her rights by "locking [her] out of all of the marital assets." In addition, she stated that on October 29, 1997, she wrote to the Honorable Michael F. Mullen to complain that he also violated her rights. Given these instances in which the plaintiff claimed to have affirmatively acted in pursuit of her rights and her unsupported assertion that her mental illness rendered her incapable of making decisions, the Court finds that Columbo has failed to raise a genuine issue of material fact concerning the appropriateness of equitable tolling due to mental illness. Ac-

cordingly, the Postal Service motion for summary judgment dismissing the complaint is granted.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Court *sua sponte* dismisses the complaint against the defendant County of Suffolk;

**ORDERED,** that the motion by the defendant Postal Service for summary judgment dismissing the complaint is **GRANTED**; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**